**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUAD CITY TESTING LABORATORY, INC.<br><br>Defendant. | Case No. CV-07-170-BLG-RFC<br><br>**ORDER** |

Presently before the Court is Plaintiff BNSF's Motion *in Limine* to prohibit Defendant Quad City from presenting testimony from lay witnesses Dacen Kuntz, Paul Burr and Elmer Kutzler.

FACTUAL BACKGROUND

On June 9, 2003, BNSF employee Frank Christian was injured while operating a sand crane. BNSF had a contract with Defendant wherein Quad City would periodically inspect the sand crane at issue for any defects and /or safety

1

concerns. BNSF ultimately settled the case with Mr. Christian and brings this present case against Quad City seeking contribution or indemnification for its settlement amount. Upon settlement with Mr. Christian and before initiation of the present suit, BNSF destroyed the sand crane.

LEGAL STANDARD

Motions *in limine* are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions *in limine*. *See* Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir.2002). However, a motion *in limine* should not be used to resolve factual disputes or weigh evidence. C & E Services, Inc., v. Ashland Inc., 539 F.Supp.2d 316, 323 (D.D.C.2008). To exclude evidence on a motion *in limine* "the evidence must be inadmissible on all potential grounds." Ind. Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d 844, 846 (N.D.Ohio 2004); Kiswani v. Phoenix Sec. Agency, Inc., 247 F.R.D. 554 (N.D.Ill.2008); Wilkins v. K-Mart Corp., 487 F.Supp.2d 1216, 1218-19 (D.Kan.2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT & T Tech, Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993). This is because although rulings on motions *in limine* may save "time, costs, effort and preparation, a court is almost

always better situated during the actual trial to assess the value and utility of evidence." Wilkins, 487 F.Supp.2d at 1219.

Moroever, it is settled law that *in limine* rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n. 3 (2000); *accord* Luce v. United States, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d at 846.

DISCUSSION

1.  ***Lay Witness Dacen Kuntz***

Plaintiff BNSF seeks to exclude Kuntz's testimony on the grounds that he does not have the sufficient knowledge or grounds to offer opinions on how Christian's accident occurred, the cause of the crane's failure at the time of the accident, and the sufficiency of Quad City's inspections.

Dacen Kuntz is a laborer at BNSF's Havre diesel shop.  He would

periodically operate the crane at issue.  Prior to Christian's accident, Kuntz filled out two reports that relayed his perception of unsafe conditions regarding the crane at issue.  Plaintiff notes that witness Kuntz (1) did not witness the accident; (2) had no training on crane inspections; (3) was not an engineer; (4) did not participate in the post-inspection of the accident; and (5) much of the basis for Kuntz's formulation of his opinion relies on hearsay.

   Defendant's response brief limits its arguments to Kuntz's filings of the two unsafe work conditions reports regarding the crane at issue.  The first report was filed on March 13, 2003.  That report noted that the chain hoist on the sand crane was binding or catching and spraying metal shavings when he was operating up or down.  The second accident report was filed on June 8, 2003 and stated that the platform on the same sand crane was very unstable along the vertical shaft.

   Defendant contends that Kuntz's testimony is admissible under Fed.R.Evid. 701 because it is lay opinion testimony and relates solely to his perceptions and observations behind his decisions to file the two unsafe work conditions reports.  Under that rule, a lay witness may provide opinion testimony so long as it is limited to "opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other

4

specialized knowledge within the scope of Rule 702 [Testimony by Experts]." Id. "The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge ...." Nationwide Transp. Fin. v. Cass Info. Sys. Inc., 523 F.3d 1051, 1058 (9th Cir.2008) (*quoting* United States v. Yazzie, 976 F.2d 1252, 1255 (9th Cir.1992)).

The Court notes that the Defendant does not contest Plaintiff's motion to preclude Witness Kuntz from testifying to (1) the facts surrounding Frank Christian's accident and (2) the adequacy of Defendant Quad City's inspection of the sand crane at issue. Therefore, the Court will grant Plaintiff's Motion *in Limine* on these issues.

However, from this Court's review of the anticipated testimony, under Fed.R.Evid. 701, Witness Dacen Kuntz may testify to his two unsafe work conditions reports as they relate to the sand crane at issue. He may give lay opinion testimony regarding his experience with the sand crane and the concerns that he personally experienced and observed arising from his use of the sand crane. Any testimony beyond this realm is subject to Plaintiff's renewed objection. Plantiff's Motion *in Limine* to preclude Witness Kuntz's testimony is GRANTED IN PART and DENIED IN PART.

2.     *Lay Witness Paul Burr*

Plaintiff BNSF seeks to exclude Burr's testimony on the grounds that he does not have the sufficient knowledge or grounds to offer opinions on how Christian's accident occurred, the cause of the crane's failure at the time of the accident, and the sufficiency of Quad City's inspections.

Paul Burr was a machinist at BNSF's Havre diesel shop. Burr's duties included monthly inspection and maintenance of the sand crane at issue. This was done in between Defendant's annual inspections of the sand crane. In addition, Burr would perform repairs. Specifically, he performed repairs on the sand crane at issue after Christian was injured. He inspected the sand crane both prior to and after Christian's accident.

In support of its motion, Plaintiff notes that witness Burr (1) did not witness the accident; (2) had no training on crane inspections; (3) was not an engineer; (4) did not participate in the post-inspection of the accident; and (5) much of the basis for Kuntz's formulation of his opinion relies on hearsay.

In their response brief, Defendant does not contest Plaintiff's motion to preclude Witness Burr from testifying to (1) the facts surrounding Frank Christian's accident and (2) the adequacy of Defendant Quad City's inspection of the sand crane at issue. Therefore, the Court will grant Plaintiff's Motion *in Limine* on these

issues.

However, Defendant argues that since Plaintiff BNSF has destroyed the sand crane before either Parties' experts had an opportunity to inspect the sand crane, Witness Burr is one of the few persons to have personally inspected and maintained the sand crane. Defendant contends that under Rule 701, witness Burr's testimony is critical and he should be allowed to provide lay opinion testimony regarding the his observations during his maintenance and upkeep of the sand crane. In addition, Burr repaired the sand crane immediately following Christian's accident. Lastly, in light of his use and maintenance of the sand crane, Defendant contends that Burr can testify to his own knowledge of the functionality of the sand crane.

The Court agrees. Witness Burr shall be allowed to testify to his personal knowledge of the sand crane during its operation as well as any maintenance and repairs that he performed on the sand crane both before and after Christian's accident. Moreover, the Court notes that Burr is responsible for all unsafe work reports that were turned in, including witness Kuntz's reports relating to the sand crane. As such, Burr may testify as to any unsafe work reports that were filed and relate to the sand crane. Any testimony beyond this realm is subject to Plaintiff's renewed objection. Plantiff's Motion *in Limine* to preclude witness Burr's testimony is GRANTED IN PART and DENIED IN PART.

3.    *Lay Witness Elmer Kutzler*

Plaintiff BNSF seeks to exclude Kutzler's testimony on the grounds that he does not have the sufficient knowledge or grounds to offer opinions on how Christian's accident occurred, the cause of the crane's failure at the time of the accident, and the sufficiency of Quad City's inspections.

Elmer Kutzler was the general foreman at BNSF's Havre diesel shop. He was responsible for the maintenance and movement of locomotives in the diesel shop. Following Christian's accident, Kutzler was part of the team that attempted to re-create the accident with the sand crane so BNSF could complete an internal company report regarding the accident.

In support of its motion to preclude his testimony, Plaintiff notes that witness Kutzler (1) did not witness the accident; (2) had no training on crane inspections; (3) was not an engineer; (4) did not participate in the post-inspection of the accident; and (5) much of the basis for Kuntz's formulation of his opinion relies on hearsay.

In their response brief, Defendant does not contest Plaintiff's motion to preclude witness Kutzler from testifying to (1) the facts surrounding Frank Christian's accident and (2) the adequacy of Defendant Quad City's inspection of the sand crane at issue. Therefore, the Court will grant Plaintiff's Motion *in Limine*

8

on these issues.

Rather, Defendant argues that Kutzler should be allowed to testify, under Rule 701, to his observations as well as the conclusions that he formulated during the course of his re-creation of the sand crane accident.

This Court agrees. Witness Kutzler shall be allowed to testify to his personal experiences regarding the sand crane at issue as well as his own personal opinions that he reached while being part of the team that attempted to recreate the sand crane accident that resulted Christian's injuries. In addition, after Kutzler's post-accident inspection and before Defendant was able to send its inspection team to review the accident, Burr had already performed repairs on the sand crane. Kutzler's testimony is important to inform the jury of the state of the sand crane after the accident and before any repairs had been performed on it. Any testimony beyond this realm is subject to Plaintiff's renewed objection. Plaintiff's Motion *in Limine* to preclude witness Kutzler's testimony is GRANTED IN PART and DENIED IN PART.

## CONCLUSION

Witnesses Kuntz, Burr and Kutzler may testify to their observations and personal knowledge of the sand crane. Further, pursuant to Rule 701, they may render a lay opinion based on their observations and personal knowledge. They

may not testify as to the facts of Frank Christian's accident unless they were present.  Further, they may not testify as to the adequacy of Defendant Quad City's inspection of the sand crane at issue.  For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion *in Limine* to preclude the opinions of Kuntz, Burr and Kutzler (*Doc. # 101*) is DENIED IN PART and GRANTED IN PART.  The Clerk of Court shall notify the Parties of the making of this Order.

DATED this 27th day of September, 2010.

                 */s/ Richard F. Cebull*
                 HON. RICHARD F. CEBULL
                 U. S. DISTRICT JUDGE