**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUAD CITY TESTING LABORATORY, INC.<br><br>Defendant. | **Case No. CV-07-170-BLG-RFC**<br><br><br><br>**ORDER** |

Presently before the Court is Defendant Quad City Testing Laboratory, Inc.'s Motion in Limine seeking to exclude the testimony of Robert Sheridan [*doc. #108*].

**STANDARD OF REVIEW**

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th

1

Cir.2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence.  *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C.2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004); *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554 (N.D.Ill.2008); *Wilkins v. K-Mart Corp.*, 487 F.Supp.2d 1216, 1218-19 (D.Kan.2007).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.*" Hawthorne Partners v. AT & T Tech, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins*, 487 F.Supp.2d at 1219.

It is settled law that rulings on motions in limine are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to

determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d at 846.

## ANALYSIS

Defendant BNSF seeks to exclude Robert Sheridan's testimony on the grounds that Plaintiff did not timely disclose Mr. Sheridan as an expert witness in conformity with this Court's scheduling order; Mr. Sheridan's letter of August 24, 2005 to counsel in the *Christian* case lacks the requisite foundation for admissibility; and any information concerning what was said at the mediation is confidential.

Plaintiff does not object to some of the matters that Defendant seeks to exclude. Plaintiff agrees that testimony from Mr. Sheridan about the details of what occurred at the mediation in the *Christian* case and Mr. Sheridan's expert opinion as to the "reasonableness" of the *Christian* settlement should be excluded.

### Sheridan's August 24, 2005 letter

Defendant seeks to exclude Mr. Sheridan's August 24, 2005 letter to counsel in the *Christian* case. Plaintiff intends to use the letter to prove that Plaintiff gave Defendant timely notice of the Christian claim before it was settled and requests that Defendant stipulate to this as an "Agreed Upon Fact" in the final pretrial order. The Court **RESERVES** ruling on this issue until the final pretrial conference.

3

### *Christian* Mediation

Robert Sheridan mediated the underlying *Christian* case and has personal knowledge about non-confidential facts pertaining to that mediation. Mr. Sheridan will be permitted to testify as a fact witness regarding non-confidential mediation matters that are within his personal knowledge. Defendant's Motion in Limine on this issue is **DENIED**.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine re: Mediator Robert Sheridan (*Doc. # 108*) is **DENIED IN PART**.

The Clerk of Court shall notify the Parties of the making of this Order.

DATED this 26th day of October, 2010.

> */s/ Richard F. Cebull*
> RICHARD F. CEBULL
> U. S. DISTRICT JUDGE