IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY,** | ) | CV-07-170-BLG-RFC |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| **QUAD CITY TESTING** | ) | |
| **LABORATORY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Presently before the Court is Defendant Quad City Testing Laboratory, Inc.'s Motion in Limine seeking to exclude the testimony of Kenneth Smith [*doc. #110*].

## STANDARD OF REVIEW

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir.2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C.2008). To exclude evidence on a motion in limine "the evidence

1

must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004); *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554 (N.D.Ill.2008); *Wilkins v. K-Mart Corp.*, 487 F.Supp.2d 1216, 1218-19 (D.Kan.2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.*" Hawthorne Partners v. AT & T Tech, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins*, 487 F.Supp.2d at 1219.

It is settled law that rulings on motions in limine are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d at 846.

## ANALYSIS

Defendant Quad City Testing seeks to exclude the testimony of Kenneth Smith for the reason that Mr. Smith lacks the requisite qualifications for an expert and Mr. Smith's opinions are irrelevant.

Rulings on the admissibility of expert testimony under Fed.R.Evid. 702 are in the sound discretion of the trial court. *General Elec. Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 517, 139 L.Ed.2d 508 (1997). Rule 702, Fed.R.Evid., allows testimony concerning "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue."

The objective of the "gatekeeping" requirement in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), is to ensure the reliability and relevancy of expert testimony; it is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The trial judge must make a reliability determination on the record to fulfill the "gatekeeping" function. *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002), amended by 319 F.3d 1073 (9th Cir. 2003) (distinguishing

3

cases where the district court made "explicit findings of reliability," from cases where there was a "complete failure to make any reliability finding").

The Federal Rules of Evidence impose on trial courts a "gatekeeping" obligation to ensure that expert testimony is relevant and reliable. *United States v. Hankey,* 203 F.3d 1160, 1167 (9th Cir. 2000). Trial courts have substantial discretion in performing this function. *Id.* "[R]ejection of expert testimony is the exception rather than the rule." Fed.R.Evid. 702 Advisory Committee Notes (2000). Where an expert satisfies the Rule 702 standards, cross-examination is the proper method of challenging the expert's opinions. *See e.g. U.S. Fidelity and Guar. Co. v. Soco West, Inc.,* 2006 WL 5230019 (D. Mont. 2006).

The issues in this case center upon a mechanical sand crane at BNSF's diesel shop in Havre, Montana and the inspection of said crane. Mr. Smith's Curriculum Vitae establishes that he has over 30 years of experience designing and engineering mechanical systems; he has performed failure analysis of a variety of mechanical systems; he has investigated numerous different types of accidents, including, but not limited to industrial accidents; he has performed mechanical design and analysis for product development and industry safety (OSHA) investigations; and he has provided reports and expert testimony in courts and at depositions regarding such issues as accident investigation, work place safety issues, and personal injury

4

matters. Mr. Smith's testimony will aid the jury in understanding mechanical design, failure analysis, safety and cranes. This will assist the jury in understanding the evidence and in determining a fact in issue.

Mr. Smith has a Bachelor of Science in Naval Architecture from the U.S. Naval Academy and a Master of Science in Engineering from the University of Michigan. He is also a licensed Professional Engineer in two states and a member of both the American Society of Mechanical Engineers and the National Society of Professional Engineers. The Court finds that based on Smith's extensive experience, his opinions are sufficiently reliable under *Daubert.* Cross examination is the proper method of attacking Mr. Smith's opinions.

Defendant's Motion in Limine re: Kenneth Smith [*doc. # 110*] is **DENIED**. The Clerk shall notify the parties of the making of this order.

DATED this 28th day of October, 2010.

>  /s/ Richard F. Cebull
> RICHARD F. CEBULL
> U. S. DISTRICT JUDGE